933 F.2d 1019
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
 FEDERAL DEPOSIT INSURANCE CORPORATION, as Manager of the
FSLIC Resolution Fund, as Receiver for First Texas Savings
Association, a savings association organized pursuant to the
laws of the State of Texas, First Gibraltar Bank, FSB, a
federal FSB, a federal savings bank, Plaintiffs-Appellees,
v.
OKC PARTNERS, LTD., a Texas limited partnership, Eagle/Texas
Realty Company, Inc., a Texas corporation, General Partner,
Eric David Bernsen, an individual, Limited Partnership,
Michael B. Birnie, an individual, Limited Partner, Gary L.
Chappell, an individual, Limited Partner, Douglas A. Dawson,
an individual, Limited Partner, Dale B. Elmore, an
individual, Limited Partner, C. Jackson Grayson, Jr., an
individual, Limited Partner, Hanaho, Ltd., a Texas limited
partnership, Limited Partner, John J. Redfern, III, an
individual, General Partner of Hanaho, Ltd., John H.
Lindsey, an individual, Limited Partnership, Jay W. Lorch,
an individual, Limited Partner, Peter L. An Individual,
Limited Partner, an individual, Limited Partner, Lipscomb
Norvell, Jr., an individual, Limited Partner, W.E. Penland,
Jr., an individual, Limited Partner, Ronald D. Pephens, an
individual, Limited Partner, Andrew B. Phillips, an
individual, Limited Partner, John J. Plotnik, an individual,
Limited Partner, Russell S. Sampson, an individual, Limited
Partner, Fred A. Sheriff, an individual, Limited Partner,
3300 Investments, an unincorporated business association,
Limited Partner, Allen B. Craig, III, an individual and
principal of 3300 Investments, C.R. Gregg, an individual and
principal of 3300 Investments, L.B. Windham, an individual,
Limited Partner, Defendants-Appellants,
James M. Andrew, an individual, Limited Partnership, Defendant.
 
 No. 90-6143.
 United States Court of Appeals, Tenth Circuit.
 May 28, 1991.
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 Courts of appeals have the continuing obligation to examine their jurisdiction. We do so in this case. Having done so, we determine we lack jurisdiction to decide this appeal.
 
 
 4
 The underlying cause of action was filed by a bank in a Texas state court seeking to foreclose a mortgage. While in state court, the FDIC was substituted as plaintiff.
 
 
 5
 Defendants filed a notice of removal with the United States District Court in Oklahoma. The FDIC then asked the United States District Court to remand the case to state court. The United States District Court agreed and ordered the case remanded. Defendants filed a motion for reconsideration and, while this motion was pending, filed a notice of appeal with this court, which we dismissed as premature due to pending motions in Case No. 90-6099. Defendants also filed a petition for mandamus in this court, which we denied in Case No. 90-6086.
 
 
 6
 During the pendency of the unsuccessful appeal and petition for mandamus, the United States District Court entered its order declining to rule upon the pending motions as the notice of appeal had been filed and the district court opined it was precluded from ruling.
 
 
 7
 Defendants promptly filed a notice of appeal wherein they challenged the district court's order declining to rule upon their motions. This is the instant appeal.
 
 
 8
 The pending motion for reconsideration rendered the notice of appeal a nullity. Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982). This court may not proceed in view of the nonfinality of the proceedings in the district court.
 
 
 9
 Defendants now bring to our attention, via their response to FDIC's motion to dismiss this appeal, yet another order of the district court. The district court subsequently ruled upon Defendants' motion for reconsideration holding that it did not have jurisdiction to rule upon the motion. Defendants have not appealed this order.
 
 
 10
 We therefore dismiss this appeal finding we have no jurisdiction as the notice of appeal was a nullity.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3